## THE NEIDENFELS.

(District Court, S. D. New York. November 26, 1909.)

Shipping (§ 141*)—Loss from Leakage—Liability of Vessel.

> Leakage from cargo of cocoanut oil shipped from Colombo, Ceylon, to New York. On arrival at New York it appeared that there had been considerable leakage of the oil but in view of the exception in the bill of lading covering such loss, in the absence of proof of negligence, *held* that that the ship was not liable.

> [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 493, 497–499; Dec. Dig. § 141.*]

(Syllabus by the Judge.)

Action by the India Refining Company against the steamship Neidenfels. Libel dismissed.

Horace L. Cheyney, for libellant.
Wing, Putnam & Burlingham, for claimant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ADAMS, District Judge. This action was brought by the India Refining Company against the steamship Neidenfels, to recover the damages suffered, said to amount to $2,000, by reason of a shipment of 60 packages of cocoanut oil, from Colombo, Ceylon, not being delivered at New York in the same good condition in which it was received. The oil was to be forwarded from New York to Philadelphia and there delivered to the order of the Fourth Street National Bank, Philadelphia. It is alleged in the libel that upon the arrival of the vessel in New York, 32 of the packages were in a greatly damaged condition and that the cause of the damage was unknown to the libellant but it believes the same to have been caused "by fault and negligence or want of proper care in the loading, stowage and custody of the said packages."

The answer admitted the shipment in good order, and after admissions and denials, alleged:

"Ninth: Further answering, the claimant alleges that the steamship Neidenfels at the inception of the voyage on which libellant's cargo was shipped, was tight, staunch and strong, and in every way seaworthy and fully manned and equipped and for any damage which may have been sustained by libellant, said steamship is absolved by the Harter Act; that said cargo was carefully stowed in the usual and customary manner and any damage or loss sustained by the libellant was due to perils of the sea and owing to bad weather encountered on the voyage, for which the claimant or said steamship was not liable."

The bill of lading which covered the shipment from Colombo to New York, provided:

"The Carriers are not liable for * * * Perils of the sea * * * drainage, and leakage, breakage * * * on the voyage * * * or any loss or damage arising from the nature of the goods, prolongation of the voyage or land damage."

The libellant seeks to recover on the theory that the ship has failed "to meet the burden of proof which the law has imposed upon" her, and further "that the real cause of the damage was the bad stowage of the casks by the stevedore at Colombo."

The claimant's defence is based upon the Harter Act (Act Feb. 13, 1893, c. 105, 27 Stat. 445 [U. S. Comp. St. 1901, p. 2946]), the bill of lading, and the exceptional weather encountered by the steamship.

It is well settled that where the loss is covered by an exception, there can be no recovery against the vessel unless the libellant shows some negligence on its part. The St. Quentin, 162 Fed. 883, 89 C. C. A. 573. The exceptions above outlined fully cover the loss and the only question that remains is whether there was improper stowage.

The libellant's claim in this connection is that the testimony of the officers of the vessel showed that chocks were placed under the bilges of the barrels, etc., and it is said in the brief "* * * it is obvious that the sharp corner of the chock placed under the middle of the barrel would, during this long voyage, force the staves inward at the point of contact and would cause leakage of the contents of the cask" and testimony given for the libellant in Philadelphia is cited to show that the casks were in bad condition there.

The contract in the case, however, covered, as far as this ship was concerned, the goods from Colombo to New York only.    It provided:

" *   *   *   And to be delivered, subject to the exceptions, liberties, terms and conditions of this Bill of Lading, in like good order and condition, from the ship's deck (where the Carrier's responsibility shall cease) at the aforesaid port of New York, *   *   * the agents of the Hansa Lines of steamers to be forwarded by them at Carrier's expense, but at risk of the owner of the goods *   *   * to Philadelphia unto order of Fourth Street National Bank, Philadelphia. *   *   * "

Anything that happened to the goods on their way to Philadelphia from New York can not be justly charged to this vessel, which is responsible for her own contracts only, and the condition of the casks when in New York is the only matter to be considered. As the Philadelphia testimony related principally to a condition of the packages, subsequent to what it was in New York, it can have little effect and need not to be considered.

There was undoubtedly some loss of the oil, perhaps unusual in amount, but that does not show that the vessel was liable, where the loss is covered by an exception. If the stowage was bad there would be liability but that has not been shown. The testimony of the officers of the vessel proved that the stowage was usual and proper and it was approved by claimant's expert in New York, who said that the barrels were stowed—

"with chocks underneath each quarter of the cask to keep the bilge clear of the deck. *   *   *   Q. Was there anything under the bilge of the cask? A. Under the bilge of the cask was absolutely clear of the deck. Q. As a matter of fact that is the only proper way to stow cargoes of that kind, is it not? A. Yes sir."

Negligence can not be inferred merely from the large quantity of leakage. The packages were apparently intact upon the vessel's arrival in New York.

There was no such bad weather as would account for the loss but as it is covered by exceptions, persuasive proof in that respect is not necessary.

Nothing appears in the case from which liability on the ship's part can be based and the libel must be dismissed.